UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KENNITH WADE ANTHONY** | **CIVIL ACTION NO. 22-1049** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Kennith Wade Anthony, who proceeds pro se and in forma pauperis, filed this proceeding on approximately April 19, 2022, under 42 U.S.C. § 1983. He names the State of Louisiana and Judge Stephens Winters as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that on March 17, 2022, Judge Stephens Winters, a state trial judge for the 4th Judicial District Court, Parish of Morehouse, denied his "Application for Writ of Subpoena Duces Tecum" without holding a contradictory hearing, preventing Plaintiff from "obtaining sufficient evidence to attack" one of his prior convictions. [doc. #s 1, p. 3; 1-2, p. 1; 5, p. 1]. Plaintiff explains that Judge Winters denied him access to public documents relating to his prior convictions. [doc. # 5, p. 1]. Plaintiff wanted the documents to prepare a collateral attack on his prior convictions and his habitual offender sentence. *Id.* Plaintiff states that Judge Winters effectively extended his incarceration and caused him "a great deal of mental anguish[.]" *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff also alleges that Judge Winters denied his motion to recuse. [doc. # 5, p. 1].

Plaintiff asks this Court to recuse Judge Winters, order Winters to produce "the requested records[,]" and award him $10,700,000.00 in compensatory damages. [doc. #s 1, p. 4; 5, p. 1].

## Law and Analysis

**1. Preliminary Screening**

When Plaintiff filed this proceeding, he was a prisoner at Franklin Parish Detention Center. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788

F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. State of Louisiana**

Plaintiff names the State of Louisiana as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[3] Accordingly, the Court should dismiss Plaintiff's claims against the State of Louisiana.

**3. Judicial Immunity**

Plaintiff claims that Judge Winters denied his motion to recuse and his "Application for Writ of Subpoena Duces Tecum[.]" [doc. # 5, p. 1].

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (*citing Adams v.*

---

[3] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

4

*McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, Plaintiff claims that Judge Winters denied his motion and application. However, managing or presiding over court proceedings[4] and ruling on motions and applications[5] are all acts normally performed by a judge. Plaintiff's attachments reveal that Judge Winters acted in chambers, which is an 'appropriate adjunct space.' [doc. #s 1-2, p. 1; 5-2, p. 1]. Moreover, Plaintiff's claim clearly 'centers around' proceedings before the judge, and nothing indicates that

---

[4] *See Bradley v. Salvant*, 2020 WL 1896550, at *1 (5th Cir. Apr. 16, 2020); *Broadway v. Sinex*, 166 F.3d 339 (5th Cir. 1998).

[5] *See Broadway*, 166 F.3d at 339 ("Broadway's suit against the state-court judges involves the judges' rulings while presiding over the case which was properly before them, for which the judges are absolutely immune from civil suit."); *Bradley*, 801 F. App'x at 316 (finding a judge immune where the plaintiff challenged the judge's rulings on motions).

the alleged act arose outside of a visit to the judge in his official capacity.[6]  Further, Plaintiff does not allege that the judge acted in the complete absence of all jurisdiction.

Plaintiff alleges that the judge erred when he denied the motion and application. However, "immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts." *Stokes v. Ward*, 132 F.3d 1455 (5th Cir. 1997); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act . . . ").

Accordingly, Judge Winters is entitled to absolute judicial immunity with respect to Plaintiff's request for compensatory damages.[7]

**4. Injunctive Relief**

Plaintiff seeks injunctive relief against a state court judge under Section 1983, asking this Court to: (1) recuse Judge Winters and (2) order Winters to produce "the requested records."[8] [doc. # 1, p. 4].

Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

---

[6] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

[7] "[J]udges are not entitled to absolute immunity from suit for injunctive or declaratory relief." *Laws. v. Hughes*, 616 F. App'x 200, 201 (5th Cir. 2015).  Below, the undersigned addresses Plaintiff's requests for injunctive relief.

[8] *See* BLACK'S LAW DICTIONARY (11th ed. 2019) ("Injunction") ("A court order commanding or preventing an action."); *Garland v. Aleman Gonzalez*, 2022 WL 2111346, at *4 (U.S. June 13, 2022) (defining an injunction as a "a judicial order that 'tells someone what to do or not to do.'").

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable</u>." 42 U.S.C. § 1983 (emphasis added).

"Available relief against any defendant judge is limited by a 1996 amendment to Section 1983 'that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 545 (5th Cir. 2022).

Here, Plaintiff does not contend that Judge Winters acted outside of his judicial capacity. Nor does Plaintiff contend that a 'declaratory decree was violated' or that 'declaratory relief was unavailable.' Accordingly, 'injunctive relief shall not be granted,' under Section 1983. Because Plaintiff does not seek any other cognizable relief, the Court should dismiss his claims against Judge Winters. *See Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (holding, where a plaintiff was unsatisfied with the outcome of a proceeding in state court, that Section 1983 did "not provide a basis for" the plaintiff "to seek injunctive relief" because the plaintiff did not allege that a declaratory decree was violated or that declaratory relief was unavailable); *see also James v. Tobolowski*, 517 F. App'x 285, 286 (5th Cir. 2013). [9]

---

[9] Even assuming Plaintiff sought a writ of mandamus—as opposed to relief under Section 1983—this Court would lack subject matter jurisdiction. *See Stewart v. Andrews*, 61 F. App'x 919 (5th Cir. 2003) (ruling, where a mandamus petitioner "sought free photocopies of documents he allegedly needed in order to file a 28 U.S.C. § 2254 petition[,]" that the federal courts lacked subject matter jurisdiction); *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Kenneth Wade Anthony's claims be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief against a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of July, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

(5th Cir. 1973) (holding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").